UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Magistrate No. 15-8043-01 (LDW) |
| Plaintiff, : | |
| : | |
| v. : | OPINION AND ORDER |
| : | |
| KENNETH HAMMOND : | |
| : | |
| Defendants. : | |
| : | |

**CLARK, Magistrate Judge**

**THIS MATTER** is before the Court upon a Motion by Defendant Kenneth Hammond ("Defendant") for reconsideration of bail pursuant to 18 U.S.C. § 3142(f) (2016). For the reasons set forth below, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

On November 10, 2015, Defendant was charged by criminal complaint with conspiring to distribute 280 grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Section 846. [Docket Entry No. 1]. On or about November 24, 2015, Defendant was arrested and appeared before the Honorable James B. Clark, III, U.S.M.J. for an initial appearance. [Docket Entry No. 7]. At the initial appearance Defendant consented to detention with the right to make a bail application at a later time. [Docket Entry No. 7]. On December 18, 2015, Defendant moved for bail. [Docket Entry No. 23]. On December 22, 2015, the Court conducted a bail hearing. [Docket Entry No. 26]. On that date, the Court found by clear and convincing evidence that Defendant posed a significant danger to the community if released, and posed a risk of flight considering, *inter alia*, the "significant time he is facing on

these charges." (*See* Bail Hearing Transcript ("Tr.") at 16:5-10, ECF No. 32). On April 8, 2016, Defendant filed a "Motion for Hearing." [Docket Entry No. 31]. The government filed its opposition on April 21, 2016. [Docket Entry No. 33].

## II.     DISCUSSION

Defendant's Motion is governed by federal statute and the local rules of this Court. Under the applicable federal statute, a "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that *was not known to the movant at the time of the hearing* and that has a material bearing on the issue …" 18 U.S.C. § 3142(f) (emphasis added). Further, Defendant's motion is governed by L. Crim. R. 1.1 which provides that L. Civ. R. 7.1(i) "is applicable in criminal cases tried in the District of New Jersey." *United States v. Curry*, No. CRIM. 04-280, 2006 WL 1320083, at *1 (D.N.J. May 12, 2006). Under Rule 7.1(i), a motion for reconsideration shall be *served and filed within 14 days* after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i) (emphasis added).

Defendant's Motion for Reconsideration is denied because he does not raise any facts that have not already been thoroughly considered and analyzed by this Court, which were not known to the Defendant at the time of the bail hearing. The focus of Defendant's argument is that "Defendant poses no risk of flight due to his ties to the community and his familial obligations." [Docket Entry No. 31 at p. 2-3]. Defendant also argues that "he presents no danger to any person or the community if he is released" because "he is clearly a victim of violence and not a perpetrator." [Docket Entry No. 31 at p. 3]. At the bail hearing, the Court considered both arguments and denied bail.

Although Defendant emphasizes he was the victim of a shooting and not the perpetrator,

this fact was known at the time of the bail hearing, and was thoroughly addressed. The Court discussed in detail the fact that Defendant was shot outside of his home where large amounts of drugs, guns, and ammunition were found. Bail Hr'g Tr. at 14:11-15:23. Further, the Court highlighted its concern with Defendant being heard on a wire offering to cook and sell crack, in furtherance of a substantial drug operation. Bail Hr'g Tr. at 14:13-18. Although Defendant was a victim of a shooting, the Court found that he was a danger to himself and the community because he was shot outside the home where he lived and was purportedly in charge of a substantial drug operation.

In his Motion, Defendant also raises the argument that he poses no risk of flight because he has strong family and community ties to the area. [Docket Entry No. 31 at p. 3]. The Defendant also raised this argument at the original bail hearing. Bail Hr'g Tr. at 6:23-7:5. The Court considered the argument and determined that there was a preponderance of the evidence that Defendant would be a risk of flight, given, *inter alia*, the truly significant time that he is facing on these charges. Defendant has not set forth any new facts that were not known at the time of the bail hearing.

Further, Defendant's Motion for Reconsideration is denied because it was not filed within the requisite 14 days required by L. Civ. R. 7.1(i). When Defendant filed the Motion for Reconsideration more than three months had already elapsed since the original bail hearing. Absent an acceptable justification provided by the rule, the motion is untimely.

### III.   CONCLUSION AND ORDER

In sum, Defendant's motion does not present any new facts that were not known at the time of the bail hearing and is untimely. Accordingly for all the foregoing reasons,

**IT IS** on this 5th day of May, 2016

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED;** and it is further

**ORDERED** that this Opinion and Order shall terminate Defendant's Motion for Reconsideration [Docket Entry No. 31].

                                         s/   James B. Clark, III  
                                         **HONORABLE JAMES B. CLARK, III**  
                                         **UNITED STATES MAGISTRATE JUDGE**